794 So.2d 271 (2001)
Grace L. BALL, Appellant
v.
DOMINION INSURANCE CORPORATION, Appellee.
No. 1999-CA-02090-COA.
Court of Appeals of Mississippi.
July 17, 2001.
Rehearing Denied September 11, 2001.
*272 Laurel G. Weir, Philadelphia, for Appellant.
Ken R. Adcock, Jackson, for Appellee.
Before KING, P.J., PAYNE, and MYERS, JJ.
KING, P.J., for the Court:
¶ 1. Appellant Grace Ball appeals the grant of summary judgment in favor of Dominion Insurance Corporation. Finding summary judgment to have been properly entered, we affirm.

FACTS
¶ 2. Grace Ball, an elderly woman, who is legally blind, was escorted to the Dominion Insurance Agency by Albert Stephens. Mrs. Ball, who had conducted business with Dominion Insurance for several years, indicated that she had been to the Dominion Insurance Agency offices about thirty times. On this occasion, Mrs. Ball fell while attempting to make the descent from the curb to the level of the parking lot. Stephens, who was walking behind Mrs. Ball, did not see any foreign objects or other unusual conditions which caused Mrs. Ball to fall. In deposition testimony, Stephens indicated a belief that Mrs. Ball caught a heel on the curb which caused her to fall. These facts are undisputed.
¶ 3. Mrs. Ball sued Dominion to recover damages for her injuries which she alleged to have been caused by the negligent failure of Dominion to provide safety rails, caution signs and a ramp for customers.
¶ 4. The circuit court granted a summary judgment request from Dominion, while refusing a similar request from Ball. Aggrieved by that action, Ball has appealed.

DISCUSSION
¶ 5. Upon request for summary judgment, the trial court considers all of the evidence, admissions, answers to interrogatories, depositions, to determine whether there exists a disputed issue of material fact. In viewing the evidence, the court is required to consider it in the light most favorable to the non-movant. If after having done so, the court is satisfied that there is no dispute of material fact, and the movant is entitled to judgment as a matter of law, then summary judgment is appropriate. Brown v. Credit Ctr., Inc. 444 So.2d 358, 362 (Miss.1983)
¶ 6. This Court reviews de novo the grant or denial of summary judgment. Russell v. Orr, 700 So.2d 619, 622 (Miss. 1997).
*273 ¶ 7. On summary judgment motions, the movant and the non-movant bear the burdens of production corresponding to the burdens of proof they would bear at trial. Palmer v. Biloxi Reg. Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990).
¶ 8. Mrs. Ball's action is one sounding in negligence, and she is therefore obligated to establish (1) a duty owed to her by Dominion, (2) that Dominion breached its duty to her, and (3) she sustained damage as a result of Dominion's breach. Hardy v. K Mart Corp., 669 So.2d 34, 37 (Miss.1996).
¶ 9. That Dominion owed a duty to Mrs. Ball is a matter to which all parties agreed. Mrs. Ball was a business invitee of Dominion, in that she was there at the owner's invitation to pursue a matter of mutual advantage. Hoffman v. Planters Gin Company, Inc., 358 So.2d 1008, 1011 (Miss.1978). The duty owed to Mrs. Ball, or any other invitee is to keep the premises reasonably safe and to warn of any hidden peril. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992).
¶ 10. While Mrs. Ball seeks to impose a higher duty upon Dominion, such higher duty is not consistent with the evidence before the trial court, or the record before this Court.
¶ 11. Having found a duty owed by Dominion to Ball, we must next determine whether there is in the record evidence which establishes Dominion's breach of that duty.
¶ 12. Mrs. Ball asserts that this duty was breached by Dominion's failure to provide handrails or a warning sign that the curb dropped. However the record before this Court reflects no case law which mandates that Dominion was required to provide handrails or a warning sign. Nor does the record contain evidence to establish that the condition of Dominion's premises was not reasonably safe, thereby requiring some added safety measures.
¶ 13. Ruling in a virtually identical situation, in Stanley v. Morgan and Lindsey, Inc., 203 So.2d 473, 475 (Miss.1967) the Mississippi Supreme Court stated:
It is true that while a business establishment maintains the sidewalk and parking lot for the use of its customers, it owes them the duty to keep the premises in a reasonably safe condition and must exercise care for their safety. The owner of a business is not an insurer of the customers using the parking lot and sidewalks, and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. 65 C.J.S. Negligence § 63(130) (1966). He is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer.
¶ 14. Because Ball failed to demonstrate a violation of Dominion's duty to her, Dominion was entitled to judgment as a matter of law. Accordingly, this Court affirms the decision of the trial court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.