822 So.2d 1056 (2002)
WAL-MART STORES, INC., Appellant,
v.
Bernice LITTLETON, Appellee.
No. 2001-CA-00037-COA.
Court of Appeals of Mississippi.
July 23, 2002.
*1057 Lawrence D. Wade, Greenville, attorney for appellant.
George F. Hollowell, Jr., Greenville, attorney for appellee.
EN BANC

MODIFIED OPINION ON MOTION FOR REHEARING
BRIDGES, J., for the court.
¶ 1. The motion for rehearing is denied and this opinion is substituted for the previous opinion issued by this Court.
¶ 2. Bernice Littleton filed a negligence action against Wal-Mart Stores, Inc. in Washington County Circuit Court on March 18, 1996, alleging injury from an accident occurring March 26, 1994, in the Greenville Wal-Mart. The trial took place on March 27 and 28, 2000. The court denied Wal-Mart's motions for directed verdict, and the jury rendered a verdict in favor of Littleton in the amount of $60,000.
¶ 3. Wal-Mart moved for a judgment notwithstanding the verdict, or new trial, or remittitur. The court denied all three motions, and Wal-Mart filed its timely appeal on January 3, 2001.

*1058 STATEMENT OF ISSUES

DID THE COURT ERR IN DENYING WAL-MART'S MOTION FOR A DIRECTED VERDICT?

STANDARD OF REVIEW
¶ 4. "The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical." American Fire Prot. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995) (citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993)). Thus, a motion for a directed verdict challenges the legal sufficiency of the evidence; it asks if the plaintiff met the burden of going forward on the evidence.
¶ 5. This question must be answered in the affirmative for each element of the claim, in this case, a claim of negligence. A negligence claim has four elements: duty, breach, causation, damages. Carpenter v. Nobile, 620 So.2d 961, 964 (Miss. 1993).

FACTS
¶ 6. Bernice Littleton was shopping in the Greenville Wal-Mart on February 26, 1994, when she tripped over a hand truck in the aisle and fell. She suffered numerous injuries and was for a time unconscious. Later, she developed pain and rotator cuff damage in her shoulder. At the close of trial, she received $60,000 in damages from Wal-Mart, which covered only lost income.

ANALYSIS

DID THE COURT ERR IN DENYING WAL-MART'S MOTION FOR A DIRECTED VERDICT?
¶ 7. A motion for a directed verdict considers the sufficiency of the evidence presented in the opponent's case in chief, and asks if the non-moving party carried the burden of going forward; if it has not, the motion should be granted. Johnson v. State, 642 So.2d 924, 927 (Miss.1994). This Court will reverse the denial of a directed verdict only where reasonable and fairminded jurors could only find for the moving party. Johnson, 642 So.2d at 927. In this case, we ask whether Littleton made out a prima facie case of negligence against Wal-Mart. We find that Littleton did not make out a prima facie case of negligence against Wal-Mart.
¶ 8. A negligence claim consists of four elements:
1. A duty, or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
2. A breach of the duty, a failure on the person's part to conform to the standard required.
3. A reasonably close causal connection between the conduct and the resulting injury.
4. Actual loss or damage resulting to the interests of another.
Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993).
¶ 9. Wal-Mart owed Littleton, a business invitee, a duty of reasonable care for her safety on their premises. Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss.1994). This is undisputed, although Wal-Mart complains that the court broadened the scope of liability; however, their reservations are more appropriately applied to the question of breach of duty, rather than the scope of the duty itself. In Mississippi, the conditions of breach are clear:
The owner of a business is not an insurer of the customers ... and is not liable for injuries caused by conditions which are not dangerous or which are or *1059 should be known or obvious to the customer. He is not required to keep the premises absolutely safe, or in such a condition that no accident could possibly happen to a customer.
Ball v. Dominion Ins. Corp., 794 So.2d 271, 273 (¶ 13) (Miss.Ct.App.2001) (citations omitted).
¶ 10. Littleton's testimony demonstrated that she was aware of the hand truck in the aisle. She saw it, and in her testimony stated, "it looked to me like that buggy was out too far." Under further examination, she said "I didn't pay that too much attention" to the location of the buggy in the aisle. She clarified her earlier testimony, stating that she did not see the wheel of the buggy, but did indeed see the buggy.
¶ 11. Under cross-examination, Littleton compounded the confusion by stating that she had seen the buggy, but did not expect it to be out in the aisle. Further, she said, if she had seen the buggy, she would not have walked into it. The cross-examination revealed several important gaps in Littleton's memory, particularly when it came to her actions just prior to the accident. As a result, this Court is presented with evidence from the plaintiff's case-in-chief that leaves many vital circumstances accident, including her actions leading up to the accident, largely unexplained and in doubt.
¶ 12. Littleton provides ample proof of damages, and her argument on Wal-Mart's duty is well reasoned. The fact that Littleton misjudged the actual location of the merchandise buggy or hand truck is lamentable, yet hardly implies a breach of duty by Wal-Mart, since Wal-Mart's duty is to keep their premises reasonably safe. Ball, 794 So.2d at 273(¶ 13). Nor can a breach be inferred from the mere presence of Wal-Mart employees at the time of the accident, as the employees' duty is to warn only of dangerous conditions not readily apparent to the invitee. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss.1986). The danger was known to Littleton, and the presence of a hand truck is hardly unusual in a store like Wal-Mart, which moves high volumes of merchandise in a large area that is constantly in need of resupply. Tate v. Southern Jitney Jungle Co., 650 So.2d 1347, 1351 (Miss.1995).
¶ 13. We find that the proof offered on the element of breach of duty does not rise to the quantum of evidence necessary to establish any breach of duty by Wal-Mart. The trial court should have granted Wal-Mart a directed verdict at the close of Littleton's case, since no reasonable jurors could have found for Littleton on the issue of breach.

CONCLUSION
¶ 14. Littleton would have this Court rule that Wal-Mart is an insurer of its business invitees. We decline to do so. The law in Mississippi requires that plaintiffs show more than the actuality of harm to hold businesses responsible for injuries to their customers. The law also requires that customers exercise due care when walking through a store. In this case, Wal-Mart certainly acted within the bounds of its duty to its customers.
¶ 15. Finding that the court below erred in denying Wal-Mart a directed verdict, we reverse and render.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, *1060 IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.