850 So.2d 185 (2003)
Evelyn WILKINS, Richard Wilkins, Sr. and Matthew Wilkins, Appellants,
v.
Sadie BLOODSAW and NPC International, Inc., Appellees.
No. 2002-CA-00705-COA.
Court of Appeals of Mississippi.
July 15, 2003.
*186 H. Gregory Johnson, Hazlehurst, John G. Holaday and James Everette Woods, Olive Branch, attorneys for appellants.
Sandra Taylor Doty and Leland S. Smith, Jackson, attorneys for appellees.
BEFORE SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Evelyn, Richard, and Matthew Wilkins appeal the grant of summary judgment in favor of NPC International, Inc. and Sadie Bloodsaw. Finding error in the granting of summary judgment, we reverse and remand.

FACTS
¶ 2. On April 7, 1998, Evelyn and her adult disabled son Matthew went to eat at a Pizza Hut located in Meridian, Mississippi. Matthew must use a wheelchair or a walker to move around and must have an attendant assist him with walking at all times.
¶ 3. As the two exited the Pizza Hut they had to maneuver down a step. As Evelyn was assisting Matthew down the step he lost his balance and fell onto Evelyn. Evelyn then lost her balance and fell, injuring her left knee.
¶ 4. The Pizza Hut was owned by NPC International and managed by Bloodsaw. The Wilkinses filed suit on July 6, 1999, alleging that NPC International and Bloodsaw, hereinafter referred to as NPC, were negligent in not providing a reasonably safe premises. The circuit court granted a summary judgment and the Wilkinses have appealed.

*187 DISCUSSION
¶ 5. This Court has stated the standard for a trial court's review of a motion for summary judgment:
Upon request for summary judgment, the trial court considers all of the evidence, admissions, answers to interrogatories, [and] depositions, to determine whether there exists a disputed issue of material fact. In viewing the evidence, the court is required to consider it in the light most favorable to the non-movant. If after having done so, the court is satisfied that there is no dispute of material fact, and the movant is entitled to judgment as a matter of law, then summary judgment is appropriate.
Ball v. Dominion Ins. Co., 794 So.2d 271, 272(¶ 5) (Miss.Ct.App.2001) (citing Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983)).
¶ 6. "[M]otions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion." Titan Indemnity Co. v. Estes, 825 So.2d 651, 654(¶ 11) (Miss.2002). This Court reviews de novo the grant or denial of summary judgment and "considers all evidentiary matters before it." Id.
¶ 7. This is a negligence action and the Wilkinses bear the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury. Bailey v. Wheatley Estates Corporation, 829 So.2d 1278, 1282(¶ 17) (Miss.Ct.App.2002). The Wilkinses contend that a genuine issue of fact exists as to whether NPC's premises were reasonably safe. They argue that this issue precluded summary judgment.
¶ 8. Both parties agree that the Wilkinses were business invitees. It is settled law that a business owner or operator owes a duty to a business invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee. Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992). The Wilkinses allege that this duty was breached because NPC failed to provide a handicap accessible ramp.
¶ 9. To show breach of duty, the Wilkinses offered the affidavit of an expert, Michael Frenzel, who has over thirty years' experience in directing and managing safety, training, and resource management programs. He stated that NPC had a duty to construct and maintain the premises in conformity with federal law and various safety standards, namely the Americans with Disabilities Act (ADA), U.S. Public Law 101-336, Title III; The American Society for Testing and Materials (ASTM) in their Standard Practices for Safe Walking Surfaces and the American National Standards Institute (ANSI) in their Standard on Accessible and Useable Buildings and Facilities. The Wilkinses assert that the trial court erred in not considering Frenzel's affidavit as evidence that NPC was negligent in not providing on the restaurant's premises a handicap ramp, as required by those regulations.
¶ 10. Relying on Ball v. Dominion Ins. Co., 794 So.2d 271 (Miss.Ct.App.2001), the trial court granted the defendant's motion for summary judgment. The plaintiff in Ball, a legally blind elderly woman, injured herself while attempting to step down from the curb onto the parking lot. Id. at (¶ 2). She maintained that the defendant was negligent in not providing "safety rails, caution signs and a ramp for customers." Id. at (¶ 3). This Court affirmed the summary judgment ruling, stating that the plaintiff had failed to provide any "case law that mandates that Dominion was required to provide handrails or a *188 warning sign" or evidence to establish that Dominion's premises were not reasonably safe. Id. at (¶ 12).
¶ 11. Although the fact pattern is similar, we find Ball to be distinguishable from the case at bar. Like the plaintiff in Ball, the Wilkinses did not provide case law establishing that a business must comply with federal regulations and various safety standards. However, the Wilkinses did provide case law that states that safety standards and regulations are admissible as a measure to show reasonable care consistent with industry standards. Accu-Fab & Constr., Inc. v. Ladner, 778 So.2d 766, 771 (¶ 21) (Miss.2001) (holding that Occupational Health and Safety Administration (OSHA) standards were admissible)[1] and Jones v. Panola County, 725 So.2d 774 778-79 (¶ 14) (Miss.1998) (holding that Manual on Uniform Traffic Control Devices (MUTCD) standards were admissible).
¶ 12. Also, Frenzel's affidavit established that there was no handicap accessibility available on the premises. He concluded that but for the absence of a ramp this accident would not have happened as described.
¶ 13. We, therefore, find that the expert's affidavit provided evidence to establish the question of negligence as a genuine issue of material fact. We reverse and remand the trial court's decision.
¶ 14. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and GRIFFIS, JJ., CONCUR.
NOTES
[1] This case was overruled on different grounds by Mack Trucks, Inc. v. Tackett, 841 So.2d 1107 (Miss.2003).