United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60173
Summary Calendar

TYRONE TIMOTHY WOOTEN, Estate of Elizabeth Ann Clark
Wooten, on behalf of the wrongful death beneficiaries
of Elizabeth Wooten

Plaintiff - Appellant

v.

WAL-MART STORES INC

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:02-CV-137-JAD

Before KING, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tyrone Wooten, executor of the estate of

Elizabeth Wooten, appeals from the district court's grant of

Defendant-Appellee Wal-Mart Stores, Inc.'s motion for summary

judgment. For the following reasons, we REVERSE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. BACKGROUND

Elizabeth Wooten filed a personal-injury lawsuit against Wal-Mart Stores after she fell while shopping at a Wal-Mart in Holly Springs, Mississippi. Elizabeth Wooten claimed that she was unable to see the small step or curb, over which she allegedly tripped, as she walked into the garden area of the store because it was not clearly marked and the area surrounding the step was cluttered with debris. After Wal-Mart removed the case to federal district court, Tyrone Wooten (Wooten)––executor of Elizabeth Wooten's estate––notified the court that she had died and was substituted as Plaintiff in the case. The complaint was subsequently amended to include a wrongful-death claim.

After discovery, Wal-Mart filed a motion for summary judgment, arguing that Wooten did not have any evidence to demonstrate that Wal-Mart violated its duty of care. The district court granted the motion, and Wooten appeals from this judgment.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. King v. Ill. Cent. R.R., 337 F.3d 550, 553 (5th Cir. 2003). Summary judgment is proper when the record demonstrates no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c). In

deciding whether the moving party is entitled to judgment as a matter of law, all "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in [that party's] favor." Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir. 2003).

We, of course, apply Mississippi substantive law to this diversity case. See Hill v. Int'l Paper Co., 121 F.3d 168, 170 (5th Cir. 1997). As in all negligence cases, to survive a motion for summary judgment, the plaintiff must provide evidence showing that the defendant owed her a duty, the defendant breached that duty, and this breach was the proximate cause of the injury she suffered. See Ball v. Dominion Ins. Corp., 794 So. 2d 271, 273 (Miss. Ct. App. 2001). The parties agree that the decedent, Elizabeth Wooten, was a business invitee. Therefore, Wal-Mart, while not an insurer of the decedent's safety, "owed her the duty of exercising reasonable care to keep the premises safe, or of warning [her] of hidden or concealed perils of which [Wal-Mart] knew or should have known in the exercise of reasonable care." Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So. 2d 646, 648 (Miss. 1988).

In granting Wal-Mart's motion for summary judgment, the district court held that Wooten had not presented evidence to establish that Wal-Mart had breached its duty of care to the decedent. In reaching this conclusion, the court held that "[t]he owner of a business is not an insurer of the safety of its

customers and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer." (citing Ball, 794 So. 2d at 292). The parties agree, however, that the Mississippi Supreme Court has abolished the "open and obvious" defense for premises liability cases, adopting instead a pure comparative negligence regime under which a plaintiff's recovery is diminished, but not barred, where the condition complained of is unreasonably dangerous but easily observable. See Tharp v. Bunge Corp., 641 So. 2d 20, 25 (Miss. 1994). Nevertheless, Wal-Mart asserts that the district court's statement that Wooten could not recover as a matter of law if the condition was "known or obvious" is not grounds for reversal because the facts in the summary-judgment record do not demonstrate that the curb over which the decedent allegedly tripped was unreasonably dangerous.

While we might agree with Wal-Mart that the district court's reference to the obviousness of the condition is not necessarily grounds for reversal,[2] we disagree with Wal-Mart's further contention that the summary-judgment record is devoid of facts supporting a finding of dangerousness. In his motion in

---

[2] Importantly, the district court's judgment relied, in the alternative, on a finding that the step to the garden area was not dangerous or that any danger it posed should have been known or obvious to the decedent. Cf., Tharpe, 641 So. 2d at 25 (refusing to abrogate McGovern v. Scarborough, 566 So. 2d 1225 (Miss. 1990), on similar grounds because, there, the court "went into great detail to say that the defendant was not negligent and merely threw in the phrase 'open and obvious' at the end").

opposition to summary judgment, Wooten attempted to demonstrate that Wal-Mart breached its duty of care by presenting evidence that the garden area where the decedent fell was in complete disarray on the date in question, with pallets of garden materials and other debris "in the way" of the step, which was not clearly marked to increase its visibility. In response, Wal-Mart argues that its evidence demonstrates that the step was marked with a bright orange stripe on the day of the accident, that the decedent knew about the step because she had visited the garden area on numerous previous occasions, and that the presence of debris in the garden area is immaterial because there is no evidence that decedent actually <u>tripped over this debris</u>.

Wal-Mart's arguments miss the mark. The Supreme Court of Mississippi has indicated that a business owner has a duty "to warn of a condition even though the injured party . . . was aware of the hazard" when the injured party "could not see [the hazard] at the time of his accident." <u>Biloxi Reg'l Med. Ctr. v. David</u>, 555 So. 2d 53, 56 (Miss. 1989) (discussing <u>Litton Sys., Inc. v. Enochs</u>, 499 So. 2d 1213, 1215 (Miss. 1984)). Thus, even if Wal-Mart's evidence shows that the decedent had traversed the step numerous times, a contention that Wooten now disputes, this would not form an absolute bar to recovery; instead, other evidence in the record creates a genuine issue of material fact regarding whether, on the date of the accident, the debris in the garden area concealed the presence of the step, thus creating an

unreasonably dangerous condition.[3]  See McGovern, 566 So. 2d at 1228 (stating that an owner has a duty either "to keep the premises reasonably safe" or, "when not reasonably safe" to warn of "hidden danger or peril that is not in plain and open view"). A jury might reasonably infer that Wal-Mart breached its duty of care in allowing this debris to accumulate and that this breach was the proximate cause of the decedent's fall.  See, e.g., Miss. Dep't of Transp. v. Cargile  847 So. 2d 258, 262 (Miss. 2003) (stating that "proof of a causal connection" may "be established by circumstantial evidence" if the evidence is "sufficient to make the plaintiff's asserted theory reasonably probable," and, in any event, "it is generally for the trier of fact to say whether circumstantial evidence meets this test").  We therefore conclude that the district court erred in awarding summary judgment to Wal-Mart.

### III. CONCLUSION

Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings.

---

[3]    This issue of concealment distinguishes the case at bar from past Mississippi cases where a curb or sidewalk on a business-owner's premises was held not to present an unreasonably dangerous condition.  See, e.g., Stanley v. Morgan & Lindsey, Inc., 203 So. 2d 473, 477 (Miss. 1967) (seven and one-half inch curb to sidewalk); Ball, 794 So. 2d at 272-73 (curb from business to parking lot).