IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2007

No. 07-60147
Summary Calendar

Charles R. Fulbruge III
Clerk

SAMANTHA FARMER; KARL FARMER

Plaintiffs - Appellants

V.

SAM'S EAST INC.

Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:05-CV-496

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Samantha Farmer ("Farmer") was injured by an errant basketball while shopping at a store owned by Sam's East, Inc. ("Sam's"). The district court granted summary judgment in favor of Sam's and Farmer appeals.

## I. FACTS AND PROCEEDINGS

Farmer and her husband Karl Farmer were shopping at a Sam's store on December 4, 2004. A portable basketball hoop was on display in the middle of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the aisle where the Farmers were shopping. While she was bent over to examine some merchandise, Farmer was struck on the head by a basketball. The ball was apparently thrown by a young boy, because he came by to retrieve the basketball and apologized to Farmer. Farmer's husband went to get a store manager, who informed him that he had removed most of the basketballs from the hoop display earlier in the day due to problems with the display.

Farmer alleges that the incident caused chipped teeth and serious back and neck injuries, and claims medical damages in excess of $90,000. Farmer's husband Karl seeks damages for loss of consortium. The Farmers brought suit in Mississippi state court, and Sam's removed to the Southern District of Mississippi. The district court granted summary judgment in favor of Sam's on January 31, 2007 and the Farmers timely appealed.

## II. STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo and applies the same criteria as the district court. Fed. Deposit Ins. Corp. v. Laguarta, 939 F.2d 1231, 1236 (5th Cir. 1991). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This Court looks to the pleadings, depositions, answers to interrogatories and affidavits to determine whether any genuine issue of material fact remains. Fed. Deposit Ins. Corp., 939 F.2d at 1236. This Court "review[s] the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving part[ies]," the Farmers. Id. (internal quotation omitted).

## III. DISCUSSION

The Farmers bring a premises liability claim against Sam's. Under Mississippi law, this Court applies a three-step analysis to premises liability claims.

2

> This procedure involves first determining the status of the injured person as either invitee, licensee, or trespasser. After this is done, the next step is to assess, based on the injured party's status, what duty the landowner/business operator owes to them. The last step is to determine whether the landowner/business operator breached the duty owed to the injured party.

Titus v. Williams, 844 So. 2d 459, 467 (Miss. 2003). It is undisputed that the Farmers were business invitees. Corley v. Evans, 835 So. 2d 30, 37 (Miss. 2003) ("[A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.").

As business invitees, Sam's owed the Farmers "the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." Id. Nevertheless, "[t]he landowner is not an insurer of the invitee's safety." Id. "'The owner of a business . . . is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer.'" Ball v. Dominion Ins. Corp., 794 So. 2d 271, 273 (Miss. Ct. App. 2001) (quoting Stanley v. Morgan & Lindsey, Inc., 203 So. 2d 473, 476 (Miss. 1967).

To show that a store owner negligently breached his duty to his customers, a plaintiff may rely on one of three theories.

> [Plaintiff] must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

Anderson v. B. H. Acquisition, Inc., 771 So. 2d 914, 918 (Miss. 2000). Under Mississippi law, "[t]he basis of liability is negligence and not injury. Proof merely of the occurrence of a fall on a floor within business premises is insufficient to

show negligence on the part of the proprietor." Sullivan v. Skate Zone, Inc., 946 So. 2d 828, 830 (Miss. Ct. App. 2007) (internal quotation omitted). The Farmers allege that the basketball hoop display, which included basketballs for customers to use, was dangerous and that Sam's had a duty to warn them of the danger or remove the basketballs from the display to ensure the safety of its customers.[1]

The district court found that summary judgment was proper because the Farmers failed to establish that the basketball hoop display was dangerous. See Ball, 794 So. 2d at 273. This is consistent with the approach taken by Mississippi courts in other cases. In Buck ex rel. Buck v. Camp Wilkes, Inc., the Mississippi Court of Appeals sustained the district court's grant of summary judgment in favor of a camp owner who was sued by the parents of a thirteen year-old child who fell out of the top bunk of a bunk bed. 906 So. 2d 778, 782 (Miss. Ct. App. 2004). The court held that the camp owner did not breach its duty of care to the child and her parents because the bunk bed was not dangerous. In light of Buck and Ball, it was proper for the district court to focus on the dangerousness of the basketball hoop display when analyzing whether Sam's breached its duty of care.

The district court was correct to find that Sam's basketball hoop display was not dangerous, even though another patron apparently threw a ball from the display and injured Farmer. In Sullivan, the Mississippi Court of Appeals sustained the district court's grant of summary judgment in favor of a skating rink sued by a patron who broke her arm after skating over a small arcade toy that had fallen onto the rink. 946 So. 2d at 829–30. The Sullivan plaintiff argued that the rink owner was liable for failing to warn her that arcade toys sometimes

---

[1] The Farmers also allege that the store manager knew of "problems" with the basketball hoop display prior to Farmer's injury, an assertion which the manager disputes but which we must accept for the purposes of summary judgment. Sullivan, 946 So. 2d at 830. Because we hold that the Farmers failed to establish that the basketball hoop display was dangerous, we do not reach the issue of Sam's knowledge.

fell onto the rink through the negligence of other patrons. Id. at 830. This is similar to Farmer's claim that Sam's breached its duty by failing to warn her that other patrons might accidently hit her with a basketball.

The Sullivan plaintiff argued that the rink owners had a duty to warn her of unsafe conditions because the skating area was right next to an open arcade where small toys were dispensed, and the rink owners were aware that sometimes toys fell onto the skating area. Id. at 829–30. The Mississippi Court of Appeals rejected this argument and refused to "subject[] store owners who allow customers to walk around the store with food, toys or other potentially 'dangerous objects' to a strict liability standard." Id. at 832 (internal quotation omitted). The court stated that "[t]his theory is simply inconsistent with the well-established principle that property owners owe invitees a duty of reasonable care to keep the premises in a reasonably safe condition, not to ensure that the premises are completely risk-free." Id.

The district court's determination that the basketball hoop display was not dangerous is also consistent with the findings of other courts which have evaluated in-store displays for dangerousness. In Davis v. United States, a federal district court sitting in diversity found that plaintiffs failed to establish that a slingshot rigged for use at a Wacky Glo-Ball Golf Tournament was dangerous and granted summary judgment in favor of the premises owner. No. 1:04-CV-329-BD, 2006 WL 533413, at *3–4 (N.D. Miss. Mar. 3, 2006). Likewise, in Young v. Wal-Mart Stores, Inc., the Georgia Court of Appeals, applying negligence rules very similar to Mississippi's, held that a treadmill set up for in-store demonstration and display was not a "perilous instrumentality" and that the store owner did not breach its duty to the customer who was injured while playing on it. 433 S.E.2d 121, 123 (Ga. Ct. App. 1993). The Farmers have not pointed to any cases involving in-store displays in which a display similar to the basketball hoop at Sam's was considered dangerous.

The expert reports submitted by the Farmers and Sam's support the district court's finding that the basketball hoop display was not dangerous. The Farmer's expert stated that in a self-service store like Sam's, "a customer's interaction with displays is more readily foreseeable, therefore the store should exercise even greater care." On cross-examination, however, the Farmer's expert admitted that toys "such as the one at issue in this case are commonly displayed in retail stores, and there is nothing improper about their presence on the sales floor at any time . . . [as] there is no retail industry standard or practice to provide any type of warning in conjunction with these displays." The expert for Sam's agreed that there was no industry standard requiring a warning for such displays and stated that "[t]here is no testimony that any of the Sam's employees encountered [the child who apparently threw the ball] or saw what he was doing. As such, there is nothing Sam's could have reasonably done to prevent this accident." The Farmers failed to establish that the basketball hoop display was dangerous and that Sam's breached its duty to the Farmers by failing to warn them or remove the basketballs from the display. The Farmers have failed to show that there is evidence from which a jury could reasonably conclude that Sam's breached its duty to keep its stores reasonably safe, and summary judgment is appropriate in this case.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.