Revised January 11, 2008

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60220

SUSAN MICHELE PARKER; CARL GREGG PARKER

Plaintiffs-Appellants

V.

WAL-MART STORES, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-768

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Susan Michele Parker ("Mrs. Parker") and Carl Gregg Parker ("Mr. Parker") (collectively, "the Parkers") appeal the district court's grant of summary judgment in favor of Defendant-Appellee Wal-Mart Stores. The Parkers filed suit against Wal-Mart after Mrs. Parker allegedly injured herself by stepping in a crack in the expansion joint of a curb in the Wal-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mart parking lot. The district court held that the Parkers failed to establish Wal-Mart's liability for the incident because, under Mississippi law, the curb was not unreasonably dangerous. We affirm.

## I. FACTS & PROCEEDINGS

On September 30, 2003, Mrs. Parker took her three children to the Wal-Mart store located in Flowood, Mississippi. Mrs. Parker alleges that as she stepped up onto the curb to enter the store, the heel of her shoe landed in a crack in the expansion joint, causing her to fall and break her ankle. According to Mrs. Parker, the crack was approximately three and a half inches wide, two inches deep, and partially obscured from her view by the red paint with which the curb was painted.

Mrs. Parker instituted this action in Mississippi state court, seeking unspecified actual and punitive damages allegedly resulting from the fall. Mr. Parker asserted a claim for loss of consortium. Wal-Mart removed the case to the United States District Court for the Southern District of Mississippi on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and filed a motion for summary judgment.

After oral argument, the district court granted Wal-Mart's motion for summary judgment. The court held that the Parkers failed to establish Wal-Mart's liability for the incident because the curb was not unreasonably dangerous. Additionally, the court noted that Mrs. Parker failed to exercise reasonable care while traversing the Wal-Mart parking lot.

The Parkers contend that the district erred by granting summary judgment in favor of Wal-Mart because (1) whether the curb was unreasonably dangerous is a question of fact for the jury, (2) the curb was unreasonably dangerous, and (3) the court made unwarranted factual determinations and mistakenly held that the "open and obvious" doctrine barred the Parkers recovery. We disagree.

## II. ANALYSIS

1. Standard of Review

We review a district court's grant of summary judgment de novo.[1] Summary judgment is appropriate only if there is no genuine issue of material fact.[2] In determining whether there is a genuine issue of material fact, we view all facts and draw all inferences therefrom in favor of the non-moving party.[3] The court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter asserted, but rather to determine only whether a genuine issue of fact exists for trial.[4]

2. Analysis

In a diversity case such as this one, the substantive law of the forum state, here Mississippi, controls.[5] Under Mississippi law, a claim for negligence consists of four elements: (1) a duty to conform to a particular standard of conduct, (2) a breach of that duty, (3) a causal connection between the conduct and the resulting injury, and (4) actual loss or damage to the interests of another.[6] To survive a motion for summary judgment, the plaintiff must allege facts tending to prove all four elements.[7]

---

[1] Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 259 (5th Cir. 2003).

[2] Weeks Marine, Inc. v. Fireman's Fund Ins. Co., 340 F.3d 233, 235 (5th Cir. 2003).

[3] Id.

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[5] See Erie R.R. Co. v Tompkins, 304 U.S. 64, 78 (1938).

[6] Wal-Mart Stores, Inc. v. Littleton, 822 So.2d 1056, 1058 (Miss. Ct. App. 2002).

[7] See Ball v. Dominion Ins. Corp., 794 So.2d 271, 273 (Miss. Ct. App. 2001).

The owner of a business premise has a duty to keep it reasonably safe and to warn of any dangerous condition that is not readily apparent.[8] An owner, however, is not an insurer of the safety of its invitees.[9] Thus, an owner is only liable for injuries caused by a condition that is unreasonably dangerous. Dangers which are usual and which invitees normally expect to encounter on the premises are not considered unreasonably dangerous.[10] Furthermore, even if a condition is unreasonably dangerous, an owner is not liable if the condition is or should be known or obvious to the invitee.[11] This "open and obvious" doctrine is not a complete defense to a negligence action; rather, it "is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant."[12]

As Mrs. Parker was a business invitee of Wal-Mart, the Parkers must demonstrate that an unreasonably dangerous condition existed and caused Mrs. Parker's injury, and that Wal-Mart failed to warn her adequately of the dangerous condition.

a. Is the dangerousness of the curb a question for the jury?

The Parkers contend that the district court erred in deciding whether the curb was unreasonably dangerous because the condition of the curb was a question of fact for the jury. Under Mississippi law, the question of negligence is for the jury "unless the doing of the act which caused the injury complained of is not in dispute or conclusively appears from the evidence, and no inference

---

[8] Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss. 1992).

[9] McGovern v. Scarborough, 566 So.2d 1225, 1228 (Miss. 1990).

[10] See Tate v. S. Jitney Jungle Co., 650 So.2d 1347, 1350-51 (Miss. 1995).

[11] Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss. 1994).

[12] Id. at 24.

except that of negligence or of no negligence can be justly drawn therefrom."[13] Courts have noted, however, that if the "facts are undisputed, but reasonable minds may draw different inferences as to negligence therefrom, solution of the issue of negligence should be left to the jury."[14]

There is no conflicting evidence in this case regarding the condition of the curb. Wal-Mart does not contest the size or shape of the crack in the curb, the fact that it was painted red, or any other physical condition of the curb. The only question is whether, under controlling Mississippi law, a curb with such a crack and paint job presents an unreasonably dangerous condition. Thus, the district court was not required to submit the question to the jury.

b. Was the curb unreasonably dangerous?

Mississippi courts have repeatedly held that normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions.[15] These normally occurring dangers often contain cracks and changes in elevation; they do not become hazardous conditions simply because they contain minor imperfections or defects.[16]

---

[13] City of Greenville v. Laury, 159 So. 121, 122 (Miss. 1935).

[14] Mercy Reg'l Med. Ctr. v. Doiron, 348 So.2d 243, 246 (Miss. 1977).

[15] See McGovern v. Scarborough, 566 So.2d 1225, 1228 (Miss. 1990) (affirming directed verdict in favor of defendant because raised threshold was not unsafe); Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 477 (Miss. 1967) (finding a curb not inherently dangerous); see also Tate v. S. Jitney Jungle Co., 650 So.2d 1347, 1351 (Miss. 1995) (recognizing that liability has not been imposed in cases involving "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps").

[16] See First Nat'l Bank of Vicksburg v. Cutrer, 214 So.2d 465, 466 (Miss. 1968) (cracks on the edge of concrete riser not unreasonably dangerous condition); City of Biloxi v. Schambach, 157 So.2d 386, 392 (Miss. 1963) (sidewalk defect insufficient to impose liability); City of Greenville v. Laury, 159 So. 121, 122 (Miss. 1935) (reasonable jury could not have found that a crevice in the sidewalk made the street unsafe for use); Bond v. City of Long Beach, 908 So.2d 879, 882 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the city should have anticipated).

The Parkers assert that, despite these well-settled rules of law, the curb in this case was unreasonably dangerous. To support this contention, the Parkers cite two cases, neither of which we find to be persuasive.

In the first case, Mayfield v. The Hairbender, the plaintiff sustained injuries after he allegedly tripped on uneven pavement jutting up over the bottom step at the entrance to a store.[17] The defendant store argued that it was not liable for the injury because the condition was open and obvious and therefore not unreasonably dangerous.[18] The Mississippi Supreme Court rejected the defendant's argument and determined that an open and obvious condition could also be unreasonably dangerous.[19]

According to the Parkers, Mayfield demonstrates that a defective condition, like a cracked curb, can be unreasonably dangerous. Mayfield, however, did not expressly address whether the condition itself was unreasonably dangerous; rather, the court addressed the general question whether an open and obvious condition could also be considered unreasonably dangerous. Thus, the holding in Mayfield does not control in this case.

The second case relied on by the Parkers is Wooten v. Wal-Mart Stores, Inc.[20] The plaintiff in Wooten filed a personal-injury lawsuit against Wal-Mart after she allegedly fell over a curb in the garden section of a Wal-Mart store.[21] Wal-Mart moved for summary judgment, arguing that the plaintiff did not present sufficient evidence to demonstrate that Wal-Mart violated its duty of

---

[17] 903 So.2d 733, 734 (Miss. 2005).

[18] Id. at 735-36.

[19] Id. at 738-39.

[20] 104 F. App'x 977 (5th Cir. 2004) (per curiam) (unpublished).

[21] Id.

care.[22]  In an unpublished opinion, we held that the area could be considered unreasonably dangerous because, according to the plaintiff, the garden area was in complete disarray and there were pallets of garden materials and other debris concealing the curb.[23]

Wooten is easily distinguishable from this case because it addressed a curb that was allegedly concealed by garden pallets and debris.[24]  The Parkers do not allege that the curb itself was concealed; instead they argue that the curb presented an unreasonably dangerous condition because it was cracked and partially painted red.

The curb in the instant case was a type of situation that invitees normally expect to encounter.  Under Mississippi law, such conditions are not deemed to be unreasonably dangerous.  Although the curb contained a small crack, this alone is insufficient to transform it into an unreasonably dangerous condition.[25]  We hold that the district court did not err in ruling that, under Mississippi law, the curb in this case was not unreasonably dangerous.

c. Application of the "open and obvious" doctrine and Mrs. Parker's duty of care

The Parkers also contend that the district court erred by applying the "open and obvious" doctrine, and finding Mrs. Parker at fault for the accident. Both of these arguments are without merit.  Summary judgment in favor of Wal-Mart was based solely on the court's determination that the curb was not unreasonably dangerous.  The district court did not base its holding on the open

---

[22] Id. at 978.

[23] Id. at 979.

[24] Id. at 978.

[25] The Parkers also allege that the crack was concealed by red paint; however, this assertion pertains to whether the hazard was open and obvious, not whether the condition itself was unreasonably dangerous.

and obvious nature of the curb or its particular features.  The court's discussion of Mrs. Parker's lack of care is dicta and does not effect its conclusion that the curb was not unreasonably dangerous.

## III. CONCLUSION

As there is no factual dispute regarding the condition of the curb, and the curb did not present an unreasonably dangerous condition as a matter of Mississippi law, the district court did not err in granting summary judgment in favor of Wal-Mart.  AFFIRMED.