ISHEE, J.,
Dissenting.
¶ 31. I respectfully dissent from the majority. I would reverse the judgment of the circuit court granting the motion for summary judgment and remand this case for a trial on the merits.
¶ 32. The circuit court found that the Appellants’ negligence claim against Barlow Eddy Jenkins, P.A. (Barlow Eddy) failed because the Appellants did not pres *1228 ent any competent evidence to demonstrate that Barlow Eddy’s actions were the proximate cause or proximate contributing cause of Robert Gary Rogers’s (Rogers) injuries. Although the circuit court correctly pointed out that evidence of OSHA’s regulations are not admissible in Mississippi to show negligence, OSHA’s standards and regulations may be “admissible as a measure to show reasonable care consistent with industry standards.” Wilkins v. Bloodsaw, 850 So.2d 185, 188(¶ 11) (Miss.Ct.App.2003); see also Accu-Fab & Constr., Inc. v. Ladner, 778 So.2d 766, 771(¶ 21) (Miss.2001) (overruled on other grounds) (holding that OSHA’s regulations were admissible as a measure of reasonable care consistent with industry standards).
¶ 33. The Appellants presented two expert witnesses who testified that, in their opinions, the ladder’s defective design was a contributing factor to Rogers’s fall. Neil Hall, Ph.D., testified as follows:
Yes, I have an opinion. Based on my experience in the field in construction and based on the fact that OSHA has determined what is a safe and unsafe ladder, I think more likely than not the fall occurred as a result of a problem with the defective construction of the ladder.
It was Dr. Hall’s opinion that designing and installing a ladder that failed to meet industry standards was the likely cause of the accident. He admitted that he was unable to conclusively rule out other causes of the fall, but such a standard of certainty is not required to create a triable issue of material fact and to withstand summary judgment. In Herrington v. Leaf River Forest Products, Inc., 733 So.2d 774 (Miss.1999), the supreme court also dealt with the issue of causation in regard to a summary judgment motion. The supreme court stated:
On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough....
Id. at 777-78(¶ 10) (quoting Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss.1987)). In the present case, Dr. Hall testified that the fall was more likely than not caused by the defective ladder. The testimony of Jeffrey R. Shenefelt, Ph.D., was somewhat less conclusive, but he also testified that the defective design of the ladder contributed to Rogers’s fall.
¶ 34. I would find that the expert testimonies, when taken in a light most favorable to the nonmoving party, were sufficient to establish the question of negligence as a genuine issue of material fact and, therefore, to withstand a motion for summary judgment. Accordingly, I would find that whether Barlow Eddy’s negligence contributed to Rogers’s death is a question that is best left for a jury. Therefore, I would reverse the circuit court’s judgment granting the motion for summary judgment and remand the case for further proceedings. For the reasons stated, I respectfully dissent from the majority opinion.
KING, C.J., LEE AND MYERS, P.JJ., AND MAXWELL, J., JOIN THIS OPINION.