LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Mississippi Power Company (MPC) sought to acquire an easement across a piece of property owned partially by Robert Hobgood. MPC was granted a Certificate of Public Convenience and Necessity under Mississippi Code Annotated section 77-3-1 (Rev.2009) by the Mississippi Public Service Commission. The certificate authorized MPC to acquire the necessary land to construct an electric-generating plant, along with the necessary transmission facilities and pipelines in Kemper, Lauderdale, Clarke, and Jasper Counties, Mississippi.
¶ 2. MPC filed a complaint on August 18, 2011, in the Lauderdale County Special Court of Eminent Domain, seeking to acquire a seventy-five-foot-wide easement to construct a pipeline. The suit was filed against Robert Hobgood, Richard Hob-good, David Hobgood, and Stephen McRea, who each owned a one-fourth interest in the land in question. Prior to trial, MPC settled with all of the record title owners except Robert Hobgood.
¶ 3. On February 27, 2012, a trial was held to determine the amount of compensation Hobgood was owed for the easement. Immediately prior to trial, MPC moved in limine to exclude the testimony of Hobgood, including any testimony as to the fair market value of the property, the highest and best use of the property, and any damages to the remainder. In support, MPC argued that Hobgood had failed to comply with Mississippi Code Annotated section 11-27-7 (Rev.2004) and that Hob-good had admitted in discovery: he had not made an independent assessment of the comparable properties; he did not intend to call an expert witness; and he did not intend to call any other witnesses. The trial court granted MPC’s motion. While Hobgood represented himself at the trial level, as he does at the appellate level, the trial court noted that he was an attorney and had practiced law in the state of Texas.
¶ 4. After the trial, the jury awarded Hobgood $6,821.75 in damages. This appeal followed.
DISCUSSION
¶ 5. Hobgood raises seven issues on appeal: (1) “whether a condemnor can acquire a general easement”; (2) “whether a condemnor owes no duty to accommodate reasonable subservient use of right of way tract as a matter of law”; (3) “whether the issue of remainder damages to a landowner is wholly a question of law in [right-of-way] cases”; (4) “whether [Hob-good] was afforded due process before the cause was sent for trial”; (5) “whether the expert’s evidence of land values sufficed to support the judgment”; (6) “whether [Hobgood] could [counterclaim] against the condemnor for a tortious abuse of judicial process”; and (7) “whether the Plea to General Authority got to the point of the controversy.”
¶ 6. The only issue before the jury was the amount of damages Hobgood should receive for the easement. As this Court has stated numerous times, “[a] party cannot raise an issue for the first time on appeal.” Ellison v. Meek, 820 So.2d 730, 736 (¶ 22) (Miss.Ct.App.2002). Therefore, the only issue raised that is appropriate for appeal is whether the jury’s award was supported by sufficient evidence.
¶ 7. To challenge the sufficiency of the evidence, a party moves for a directed verdict or a judgment notwithstanding the verdict (JNOV). Milburn v. Vinson, 850 So.2d 1219, 1222 (¶6) (Miss.Ct.App.2002). Hobgood failed to move for a directed verdict or file a motion for a JNOV. *135 By failing to raise the issue of the sufficiency of the evidence before the trial court, Hobgood did not preserve the issue for appeal. And as stated above, he cannot raise an issue for the first time on appeal. Ellison, 820 So.2d at 736 (¶ 22).
¶ 8. Even excluding this bar, sufficient evidence was presented to support the jury’s award of $6,821.75. When reviewing the denial of a motion for a JNOV or a motion for a directed verdict, we use the same standard. Wal-Mart Stores, Inc. v. Littleton, 822 So.2d 1056, 1058 (¶ 4) (Miss.Ct.App.2002). “This Court will reverse the denial of a directed verdict only where reasonable and fair-minded jurors could only find for the moving party.” Id. at (¶ 7).
¶ 9. MPC called George William Null, a property appraiser who was admitted as an expert without objection from Hobgood. Null testified that fair compensation for the easement on the property would be $27,287. He further testified that considering the one-fourth interest that Hobgood owned, his portion of the compensation would be $6,821.75. Hobgood offered no evidence that this amount was improper or that another amount should be considered. With the evidence offered, it cannot be said that fair-minded jurors could only find for Hobgood. Therefore, we affirm.
¶10. THE JUDGMENT OF THE LAUDERDALE COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.