**Martin LEIBOW, Appellant,**

v.

**GREENVILLE AVENUE STATE BANK, Appellee.**

**No. 7247.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 17, 1961.

Rehearing Denied Feb. 7, 1961.

Marvin Lewis, Dallas, for appellant.

Harold Bateman, Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellant, Martin Leibow, sued defendant-appellee, Greenville Avenue State Bank, alleging that his wife, Rosa Ella Leibow, while a business patron and invitee of the Bank fell upon a stairway. Appellee alleged that his wife was directed by an employee of the Bank to use an enclosed stairway to get to the second floor of the building. He alleged that the stairway was enclosed and was improperly lighted. He then alleged that after she had transacted the business on the second floor of the Bank she proceeded down the stairway. That there was no other way of getting up and down from the Bank's second floor except the stairway. That because of the negligence of the Bank in having the stairway improperly lighted, the stairs not being treaded, his wife fell, and that such fall produced painful, serious and permanent injuries. He specifically alleged that the stairs did not have a surface on the stair treads that would prevent said treads from becoming dangerous and hazardous, in violation of Chapter 33, Sec. 3302, Building Code of Dallas, 1947. The Bank filed an answer and specifically denied the allegations. The Bank then filed a motion for summary judgment, filing an affidavit along with the motion, which affidavit was

controverted by the wife of the appellant. The Bank took the deposition of Mrs. Leibow, and in the deposition she testified about the stairs not being lighted as follows:

"Q. Do you remember the light? Was there a sufficient light in there for you to see easily? A. No. It is dark.

"Q. The lighting was not sufficient for you to see? A. Well, it is just dark. I mean it is not an open stairway. You open a door and then walk up.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Was the light fixture, well, how many light fixtures were there on the stairs? Just one on the wall? A. Yes.

"Q. Was it on when you went upstairs? A. I couldn't say. I just wasn't looking for anything. I just walked up.

"Q. Well, if it was off, you—A. (interposing) It was dark, that is all I know.

"Q. You would have known it, wouldn't you? A. All I know is I walked up there, and it was kind of dark.

"Q. Do you remember whether the light was on or off? A. I can't remember that.

"Q. Do you remember whether the light was on or off when you came down the stairs? A. I can't remember that either. I wasn't paying any attention to the light.

"Q. Was there any place for light to get down in that stairway other than from the light fixture? A. No.

"Q. Was there any difference in the lighting when you went upstairs and when you went downstairs? A. Well, I guess if I had been looking for it.

"Q. You don't remember any difference? A. No, well, I don't.

"Q. You didn't—A. (interposing) Pay any attention to it.

"Q. You didn't notice any difference? A. I didn't pay any attention to anything but just going up there and talking to the man.

"Q. Did you notice any difference in the lighting between the time you went up and the time you came down? A. No."

The appellant takes the position that a question of fact was raised by the pleadings, affidavits and deposition that become questions of fact which have to be decided by a jury, and if found in appellant's favor, he can recover. Under Rule 166-A, Vernon's Ann.Texas Rules of Civil Procedure, we have to view all of the evidence in the light most favorable to the appellant.

In its motion for summary judgment, the appellee relies chiefly upon Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374. The Supreme Court of Texas in the case of Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357, 360, Justice Taylor said:

"The cases cited by the Court of Civil Appeals and relied upon by respondent are distinguishable from the present case. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 274, the case most strongly relied upon by the Hotel, is not in point since in that case neither Mrs. Adair, who fell on the Bank stairway, nor any of the witnesses, testified that it was not well lighted or that she had any difficulty in seeing the stairs; and there is no testimony that the stairs were uneven, slanting or sloping from being worn down by use, as in the present case. Also, there were no closed doors at the foot of the Bank stairs which pre-

718

vented admission of any light from that source, as here.

"It would be a work of supererogation to analyze authorities other than the one most strongly relied upon by the Hotel, or add to what has been stated concerning the facts. In lieu of discussing other cases the following excerpt from J. Weingarten, Inc., v. Brockman, 134 Tex. 451, 135 S.W.2d 698, 699 (a primary negligence case), is incorporated herein because of the peculiar applicability here of its language, as well as its holdings:

"The issue of whether or not given acts constitute negligence is essentially a jury question. The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other. Examining the facts in the case before us, we are of the opinion that an issue is presented on the negligence of plaintiff in error in failing to maintain the premises in a reasonably safe condition. Jurors might conclude that the slight offset on the wide concrete area was deceptive and dangerous. The record does not disclose why such a slight offset should have been maintained or what purpose it served. Plaintiff in error invited the public, including Mrs. Brockman, to come through the north entrance of this store, thereby impliedly representing that it was safe for them to do so. If it was unsafe, the jury might have concluded that plaintiff in error should have made it safe, or, if that could not be done practically, should have discontinued the use of that entrance altogether. *We cannot hold that this slight offset was so obvious as to exonerate plaintiff in error of all negligence as a matter of law.*" Emphasis added.)

The facts shown in the record present a question of fact that will have to be de-

cided by a jury. See Crowell-Gifford Furniture Co. v. Cloutman, Tex.Civ.App., 276 S.W.2d 539, err. ref., n.r.e.; Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S. W.2d 332; Renfro Drug Co. et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The judgment is reversed and remanded for trial.