Ernest W. SHAHID and Margaret P. Shahid, individually and d/b/a Shoreline Hotel and Cottage Colony, Appellants,

v.

GULF POWER COMPANY, Appellee.

No. 18177.

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1962.

Walter B. Fincher, Atlanta, Ga., for appellants.

E. Dixie Beggs, Pensacola, Fla., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

Some parts of the majority opinion on original hearing, we now think, unduly restrict the office of summary judgment in negligence actions. The

794

test of a genuine issue of fact is not as indicated in our quotation from Demandre v. Liberty Mutual Insurance Company, 5 Cir., 1959, 264 F.2d 70, 72, "whether no evidence could be offered to support the plaintiff's theory," unless that expression is considered along with the duty of the party against whom a summary judgment is moved to produce and serve opposing affidavits. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. Our quotation from Alabama Great Southern R. Co. v. Louisville & Nashville R. Co., 5 Cir., 1955, 224 F.2d 1, 5, 50 A.L.R.2d 1302, must be taken with the qualification that there are cases where summary judgment may properly be rendered in the determination of issues of negligence. See 6 Moore's Federal Practice, Sec. 56.17 (42), pp. 2231–2233. There is no indication here that any witness was reluctant so as to justify the application of Judge Learned Hand's comment "that the immediate presence of a judge in a court-room was likely to make him tell more." Dyer v. McDougall, 2d Cir., 1952, 201 F.2d 265, 269.

■ We thought that we had made clear that we were not ruling that this case must be submitted to the jury. That is a question on which the district court must rule when the evidence is all in and the defendant moves for a directed verdict or for judgment n. o. v. Rule 50, Federal Rules of Civil Procedure. Nor did we intend to attempt to rule on the admissibility of any so-called admissions by the defendant's agents or employees. Our discussion of that subject was simply a part of our reasoning that the defendant had failed to show both that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Our re-study of the case has not convinced us otherwise. The second petition for rehearing is therefore

Denied.

CAMERON, Circuit Judge.

I dissent from the denial of the Petition for Rehearing.