Clinton W. TAFF, Appellant,

v.

SINGER SEWING MACHINE COMPANY, Appellee.

No. 20710.

United States Court of Appeals
Fifth Circuit.

April 14, 1964.

Eugene L. Smith, B. W. Cruce, Jr., Burnett & Cruce, Dallas, Tex., for appellant.

Mark G. Pool, Dallas, Tex., for appellee, Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., of counsel.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

CHRISTENBERRY, District Judge.

The only issue raised by this appeal is whether the District Court erred in granting appellee's motion for summary judgment on the basis of the record before it. We find that there remain controverted issues of material fact, and, accordingly, reverse.

■ This action arises from injuries sustained by appellant during the performance of his employment duties. Under Texas law, an employee is allowed to sue his employer in tort for injuries caused by the employer's negligence, if the employer while eligible to subscribe to the Texas Workmen's Compensation system has chosen not to do so. In such case, a defendant employer is deprived of the traditional common law defenses of contributory negligence, assumed risk, and the follow-servant rule. Texas Revised Civil Statutes, Article 8306, Section 1. This is such a case.

For the purposes of this appeal, the following facts may be considered to have been established by the evidence:

Appellant Taff was employed by Singer Sewing Machine Company as a sales representative. His duties consisted of selling, picking up, delivering and repairing sewing machines, collecting payments, and performing other tasks necessary to the operation of the business. On February 5, 1962, Taff and one Fortenberry, a superior employee, in the course of their duties, delivered a new console sewing machine to a customer's home, and picked up a trade-in. Because of the size of the new machine, both men were required to carry it into the house, however, Taff alone carried out the smaller trade-in, while Fortenberry standing on the porch of the house held open the screen door. After Taff stepped on to the porch, he slipped, tripped or stumbled over a small rug or door mat, fell from the porch, and landed on the ground in a sitting position, with the machine in his lap.

■ The complaint, as amended, contains several specific charges of negligence on the part of Singer, including its failure through Fortenberry to warn and caution Taff of the existence of obstacles in his path. Pretermitting the other charges of negligence, we think that on this issue alone, there are controverted issues of fact of such materiality as to preclude summary disposition of the case.

Appellee Singer contends that the premises on which Taff was injured were in no way under its control; that it had no knowledge of the condition of the premises; that Taff was offered assistance, but refused to avail himself of it, and that the injury sustained by him was not foreseeable as a matter of law since it resulted from the performance of his ordinary duties, and from an "open and obvious" danger.

In support of appellee's motion there is annexed an affidavit from the woman

customer on whose premises the accident occurred, in which she states that when Taff left the house carrying the machine she asked him whom she should call for service, that he replied, and as he turned around to leave he slipped. She states further: "I was looking at Mr. Taft (sic) when he fell, and what apparently caused him to fall was my little brown dog run out of my front door by his legs and he stumbled on the small rug (used for cleaning feet) that was on the porch by him, and he fell as above stated."

Appellant filed a countervailing affidavit, in which he states that as he went out of the front door he slipped on the door mat; that Mrs. Gray (the householder) held the inside door, and Mr. Fortenberry held the screen open for him; that although Fortenberry was standing on the front porch and had an unobstructed view he did not tell appellant there was a rug or mat on the floor, or warn him to watch out and that while carrying the cabinet he was unable to see where he walked.

The District Judge found as facts that when Taff and Fortenberry approached the porch prior to entering the house, they had ample opportunity to see the porch as they went in, and that when Taff was holding one end of the box, he had an opportunity to observe everything over which he walked.

Clearly the record does not support these findings, at least sufficiently to form a basis for summary judgment. There has been no showing that Taff actually saw or because of his position while carrying the machine into or out of the customer's house was in a position to see an obstacle in his path, or that the rug or mat was not in such a condition or place as to require a warning, or to give rise to reasonable foreseeability of injury. In the case of Roucher v. Traders and General Insurance Company, 5 Cir., 1956, 235 F.2d 423, this Court said: "The question of defendant's liability cannot be lawfully withdrawn from the jury and determined by the court unless the facts are not only undisputed but are also such that all rea-sonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence," citing: Wright v. Para-mount-Richards Theatres, 5 Cir., 1952, 198 F.2d 303, 38 Am.Jur., Negligence, 345. Issues of negligence are ordinarily not susceptible of summary adjudication. 6 Moore's Fed.Prac. 56.17 (42) P. 2232.

We find that there remain genuine issues as to material facts, and accordingly, reverse and remand.