Ray MELTON, Appellant,

v.

The GREYHOUND CORPORATION, Appellee.

No. 21913.

United States Court of Appeals Fifth Circuit.

Dec. 27, 1965.

John J. Watts, James D. Cunningham, by Clyde C. Bishop, Odessa, Tex., for appellant.

Allen R. Grambling, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellee.

Before HUTCHESON and COLEMAN, Circuit Judges, and HUNTER, District Judge.

HUTCHESON, Circuit Judge:

This is an appeal from a summary judgment against appellant Melton's personal injury claim. We conclude that controverted issues of material fact were presented in the court below and accordingly reverse and remand for trial.

Appellant Melton brought this suit against The Greyhound Corporation to recover for injuries sustained when he slipped and fell while traveling as a passenger on one of Greyhound's busses.[1] The fall occurred on April 7, 1962, at about 2:30 A.M. as Melton walked down the aisle of the bus from his seat in the rear to the restroom in the front. In his complaint Melton alleged negligence by Greyhound "in permitting an old rotten banana to remain upon the floor of its bus" and "in providing insufficient lighting to illuminate the aisle of the bus upon the occasion in question", each of which was allegedly "a proximate cause of the plaintiff's damages and injuries for which this suit is brought", and demanded a jury trial. Greyhound answered the complaint denying that it was negligent and asserting that any danger was open and obvious to Melton. By deposition Melton stated that he had stepped on some substance which caused him to slip and fall; that he did not know what the substance was, but it looked like a piece of rotten banana; and that he had no idea how long the substance had been on the floor of the bus prior to his fall. Melton described the lighting conditions on the bus as consisting of "real dim lights on the floor, shining down around the seats". Melton admitted having been down the aisle of the bus under the same lighting conditions several times before his fall. The driver of the bus testified in deposition that he did not see any slippery substance in the aisle either before or after the fall, and that the lighting on the bus at the time of the fall consisted of the usual nighttime aisle lights. Greyhound then

---

1. Melton boarded the bus in Dallas, Texas, en route to Tucson, Arizona. The fall occurred while the bus was between Pecos, Texas and El Paso, Texas. The bus left Pecos at 12:20 A.M. on April 7, 1962; it was due in El Paso four hours and fifteen minutes later.

sought [2] and obtained [3] a summary judgment under Fed.R.Civ.P. 56.[4]

The general principles governing the motion for summary judgment are well established.[5] In the leading case of Whitaker v. Coleman, 115 F.2d 305, 306–307 (5th Cir. 1940), this Court said:

" * * * The invoked procedure [summary judgment], valuable as it is for striking through sham claims and defences which stand in the way of a direct approach to the truth of a case, was not intended to, it cannot deprive a litigant of, or at all encroach upon, his right to a jury trial.

* * * To proceed to summary judgment it is not sufficient then that the judge may not credit testimony proffered on a tendered issue. It must appear that there is no substantial evidence on it, that is, either that the tendered evidence is in its nature too incredible to be accepted by reasonable minds, or that conceding its truth, it is without legal probative force. * * *

* * * Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists.

* * * * "

As stated in Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944), "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, * * * [where] no genuine issue remains for trial, and * * * the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." [6] Important to the present case is the recognition by this Court "that as a general proposition the issue of negli-

2. Greyhound urged summary judgment on two grounds. First, Greyhound asserted that under the undisputed Texas law in slip-and-fall negligence cases no cause of action had been stated, since the "testimony in this case fails to show that the Defendant put any foreign substance on the floor of the bus, or that the Defendant knew that any foreign substance was on the floor of the bus and willfully or negligently failed to remove it, or that any foreign substance had been upon the floor for any period of time so that it would have been discovered and removed had the Defendant exercised ordinary care." Second, Greyhound argued that it was not negligent in its lighting of the bus since "the floor of the bus was lighted in the usual and customary manner", and that "if there was any defect in the lighting, it was open and obvious to the Plaintiff and he cannot recover any damages on account of this condition".

3. In its unpublished opinion the court stated that "having considered the depositions * * *, and having also considered the briefs filed herein by Plaintiff and Defendant, and having heard argument of counsel * * *, [the court]

finds that Defendant's Motion for Summary Judgment should be granted".

4. Fed.R.Civ.P. 56 provided in pertinent part:

(c) Motion and Proceedings Thereon.
* * * * *
The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

5. See generally 3 Barron & Holtzoff Federal Practice and Procedure Secs. 1231–32 (1958) [hereinafter cited as Barron & Holtzoff]; 6 Moore Federal Practice para. 56.15 [1] (1953) [hereinafter cited as Moore].

6. See also United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Surkin v. Charteris, 197 F.2d 77 (5th Cir. 1952).

gence * * * is ordinarily not susceptible of summary adjudication", but should be resolved by trial in the ordinary manner. Alabama Great Southern R.R. v. Louisville & N. R.R., 224 F.2d 1, 5, 50 A.L.R.2d 1302 (5th Cir. 1955).[7]

A review of the record in this case demonstrates that genuine issues of material fact, precluding summary judgment, were presented to the court below. Appellant asserted two acts of negligence, permitting a slippery substance to remain on the floor of the bus and insufficient lighting. As to the first of these, the parties are agreed upon the controlling [8] state law: appellant must establish that Greyhound either knew or should have known that the substance was on the floor and willfully or negligently failed to remove it.[9] The existence of any slippery substance was controverted, and this certainly presents a fact issue. Assuming an affirmative finding on this issue, as apparently Greyhound is willing to concede, the evidence presented in the court below is such that a jury could reasonably infer that Greyhound (through its driver) either knew or should have known of the existence of the substance. See Pogue v. Great Atl. & Pac. Tea Co., 242 F.2d 575 (5th Cir. 1957). Regarding the sufficiency of lighting question, Greyhound asserts no negligence on its part because the bus was lighted "in the usual and customary manner". Negligence is not determined, as a matter of law, by what is "usual and customary". It is for a jury to decide if the usual and customary practices are adequate. The open and obvious nature of the lighting and whether appellant assumed the risks attendant with walking down the aisle at night are also questions for the jury. See Robbins v. Milner Enterprises, Inc., 278 F.2d 492 (5th Cir. 1960); Ramsouer v. Midland Valley R.R., 135 F.2d 101 (8th Cir. 1943); We cannot say, on the record before us, that "the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence".[10] Roucher v. Trad-

7. Accord, Taff v. Singer Sewing Mach. Co., 331 F.2d 405 (5th Cir. 1964); Shahid v. Gulf Power Co., 291 F.2d 422 (5th Cir. 1961), aff'd on rehearing, 298 F.2d 793 (5th Cir. 1962), cert. denied, 370 U.S. 923, 82 S.Ct. 1563, 8 L.Ed.2d 503 (1962); Roucher v. Traders & Gen. Ins. Co., 235 F.2d 423 (5th Cir. 1956). See also Leibow v. Greenville Ave. State Bank, 343 S.W.2d 716 (Tex.Civ.App.—Texarkana 1961, error ref'd n. r. e.); 3 Barron & Holtzoff Sec. 1232.1; 6 Moore paras. 56.15 [1], 56.17 [42].

8. "[S]tate law controls as to the substantive elements of plaintiff's case and of defendant's defense * * *." Shirey v. Louisville & N. R.R., 327 F.2d 549, 552 (5th Cir. 1964). Accord, Pogue v. Great Atl. & Pac. Tea Co., 242 F.2d 575 (5th Cir. 1957). We note that while state law governs the substantive elements of a cause of action or a defense, the sufficiency of certain evidence to raise a question of fact for the jury is a federal question. Shirey v. Louisville & N. R.R., supra; Pogue v. Great Atl. & Pac. Tea Co., supra.

9. Under Texas law slip-and-fall negligence requires a showing (1) that the defendant put the foreign substance on the floor; or (2) that the defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or (3) that the substance had been on the floor for such a period of time that it would have been discovered and removed by the defendant had he exercised ordinary care. J. C. Penney Co. v. Norris, 250 F.2d 385 (5th Cir. 1957); Great Atl. & Pac. Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962. error ref'd n. r. e.), and the many cases there cited. Appellant does not suggest that Greyhound put the slippery substance on the floor of the bus; the complaint would support either of the other two theories.

10. Greyhound refers to numerous authorities which, it contends, establish as a matter of law that it was not negligent on the facts of the present case. After carefully considering these authorities, we note that those cases holding non-negligence as a matter of law generally involved situations where a trial had been had and a full record was before the reviewing court. See. e.g. J. C. Penney Co. v. Norris, supra note 9; Old South Lines Inc. v. McCuiston, 92 F.2d 439 (5th Cir.

ers & Gen. Ins. Co., 235 F.2d 423 (5th Cir. 1956). As genuine issues of material fact are present, we reverse and remand for further and not inconsistent proceedings.[11]

Reversed and remanded.

1937); Houston Nat'l Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948). We conclude that the cases from this court upholding summary judgments of non-negligence as a matter of law are distinguishable from the present case on their facts.

11. Our disposition of the case does not preclude the trial judge, after a trial and on the record there developed, from concluding that on all the evidence appellant, as a matter of law, is not entitled

to recover. While this may seem circuitous, we conclude that this case is one in which "only after the agony of a full-blown trial may it authoritatively be determined that there was never really the decisive issue of fact at all". Robbins v. Milner Enterprises, Inc., 278 F. 2d 492 (5th Cir. 1960). See Shahid v. Gulf Power Co., 291 F.2d 422 (5th Cir. 1961), aff'd on rehearing, 298 F.2d 793 (5th Cir. 1962), cert. denied, 370 U.S. 923, 82 S.Ct. 1563 (1962).