# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2011

No. 10-61007
Summary Calendar

Lyle W. Cayce
Clerk

HELEN WOTEN,

Plaintiff - Appellant

v.

AMERICAN NATIONAL INSURANCE COMPANY, doing business as
Edgewater Mall,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-64

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Helen Woten ("Woten") appeals the district court's decision granting summary judgment to American National Insurance Company, doing business as Edgewater Mall ("ANICO"). We REVERSE the grant of summary judgment in favor of ANICO and REMAND the case for proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-61007

## I.  FACTS AND PROCEDURAL HISTORY

Woten worked as a cashier at a store in the Edgewater Mall, which is owned by ANICO.  On November 9, 2009, Woten arrived at work at approximately 1:00 p.m.  Between 5:45 and 6:00 p.m., she left work, returning at approximately 6:30 p.m.  She parked in the same area of the parking garage as she had earlier that day.  As she was walking to the mall from the garage, she caught her toe on a curb inside of the garage and fell, sustaining an injury to her elbow that later required surgery.

The following day, she reported the incident to Michael Skeen ("Skeen"), an employee of a security services company hired by ANICO to patrol the mall. Skeen noted in his report that Woten complained that the parking garage was dark.  He also noted that the lights were on inside of the garage, but he described the lighting conditions as "dark," even though the form on which Skeen made his notes provided the option of choosing "good," "fair," or "dim."

Woten filed suit against ANICO in January 2010 to recover damages for her injuries.  Her complaint alleged that ANICO was negligent in failing to provide adequate lighting in the parking garage.  After conducting partial discovery, ANICO moved for summary judgment, alleging that Woten was a licensee and that ANICO did not breach any duty it owed to her because it did not injure her willfully or wantonly.  Woten filed a response, alleging that she was an invitee and that ANICO breached its duty: (1) to keep its premises in a reasonably safe condition; (2) to warn of dangers not readily apparent of which the owner knew; and (3) to conduct reasonable inspections to discover dangerous conditions on its premises.

The district court found that Woten was an invitee;[1] however, it concluded that the curb was not an "unreasonably dangerous condition" and that Woten

---

[1] Neither party disputes the district court's conclusion that Woten was an invitee; therefore, we do not address it.

2

No. 10-61007

provided no evidence to raise a fact issue about the sufficiency of the lighting. It granted summary judgment to ANICO and dismissed Woten's claims with prejudice. Woten filed a motion to reconsider, arguing that the district court erred in granting summary judgment on grounds not raised by ANICO in its motion for summary judgment and that she presented evidence sufficient to raise a fact issue about the lighting conditions. The district court denied Woten's motion and entered a final judgment for ANICO on December 13, 2010. Woten timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over this diversity action under 28 U.S.C. § 1332. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

We review decisions granting summary judgment de novo, applying the same standard as the district court. *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We must view all evidence in a light most favorable to the non-movant. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). In arguing that a genuine issue of material fact exists that precludes summary judgment, the non-movant must identify specific evidence in the record to support its position. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "'However, the nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Id.* (quoting *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004)).

## III. DISCUSSION

We find it unnecessary to address Woten's contention that the district court erred in granting summary judgment *sua sponte* because we conclude that

No. 10-61007

Woten raised a genuine issue of material fact concerning the adequacy of lighting in the parking garage.

As the owner of the premises, ANICO had a duty to Woten—an invitee—to ensure that the premises were "reasonably safe, and when they are not, . . . to [warn] of perils that are not in plain view." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 276 (5th Cir. 2009). The duty to keep the premises in a reasonably safe condition and the duty to warn of dangers that are not open and obvious are "different theories of negligence, not different causes of action." *Id.* (citing *Mayfield v. The Hairbender*, 903 So. 2d 733, 738-39 (Miss. 2005) (en banc)). Even though a condition may ultimately be deemed "open and obvious," such a conclusion does not bar recovery for negligence; rather, it is to be considered by the factfinder when determining the comparative negligence of the plaintiff and defendant. *Mayfield*, 903 So. 2d at 738-39; *see also Maddox v. Townsend & Sons, Inc.*, No. 10-60330, 2011 U.S. App. LEXIS 7950, at *4 (5th Cir. Apr. 18, 2011) (noting that the issue of whether premises are reasonably safe is separate from the question of whether there "were hidden dangers for which a warning was needed").

The district court addressed whether the curb itself constituted an unreasonably dangerous condition and held that it did not. It relied on *Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347 (Miss. 1995), a case in which the Mississippi Supreme Court noted that a curb is not an unreasonably dangerous condition because it is a type of "danger[] which [is] usual and which customers normally expect to encounter on the business premises." *Id.* at 1351. In *Wood*, we noted that "we are . . . uncertain about the present role in [Mississippi] law of this principle that usual and normally expected hazards are not unreasonably dangerous" in light of the Mississippi Supreme Court's pronouncement that a finding that a danger is open and obvious does not bar recovery for negligence. 556 F.3d at 276 (noting the confusion about how the Supreme Court's decision

No. 10-61007

in *Tharp v. Bunge Corp.*, 641 So. 2d 20, 23-24 (Miss. 1987) (en banc) (holding that the obviousness of a danger is a factor for comparative negligence, not a bar to recovery), can be reconciled with its decision in *Tate*, 650 So. 2d at 1351 (noting that usual and expected dangers are not unreasonably dangerous)). However, we need not resolve this confusion because Woten contends that it was the inadequacy of the lighting combined with the curb—not just the curb—that formed the unreasonably dangerous condition.

Insufficient lighting can constitute an unreasonably dangerous condition. *See, e.g.*, *Lloyd G. Oliphant & Sons Paint Co. v. Logan*, 12 So. 3d 614, 620 (Miss. Ct. App. 2009) (noting that an employer had a duty to provide adequate lighting in a stairwell); *Melton v. Greyhound Corp.*, 354 F.2d 970, 973 (5th Cir. 1965) (reversing summary judgment in favor of defendant because the question of whether the lighting was insufficient was to be determined by a jury). With respect to the issue of the adequacy of the lighting, we must keep in mind that in reviewing a summary judgment in a Mississippi law premises liability case, "we will affirm if . . . . no reasonable factfinder could conclude that the premises were not reasonably safe." *Maddox*, 2011 U.S. App. LEXIS 7950, at *9. Additionally, as we noted in *Wood*, "summary judgment for a defendant is rarely sustained" in premises liability cases under Mississippi law. 556 F.3d at 280.

In the district court, Woten argued two lighting deficiencies: ANICO's failure to replace a broken light and inadequate interior garage lighting. In rejecting Woten's lighting arguments, the district court focused its attention on the fact that Woten claimed that a light was broken, but the evidence showed that the broken light was located on the *exterior* of the parking garage away from where Woten fell. We agree with the district judge that this particular evidence does not suffice to raise an issue of material fact as to the adequacy of the lighting in the *interior* of the parking garage.

5

No. 10-61007

However, Woten did point to evidence in the summary judgment record establishing that there was a genuine issue of material fact about the lighting in the area where Woten fell, i.e., the interior lighting. The security guard described the lighting conditions where Woten fell as "dark" in his report about the incident and again during his deposition. Although later questioning indicates that he may have marked "dark" because it was dark outside, not because it was dark inside the garage, it is unclear from his testimony that this is the case. "On review of a grant of summary judgment, all facts and inferences must be construed in the light most favorable to the non-movant"—in this case, Woten. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008). We therefore construe this ambiguous testimony in her favor. Additionally, Woten testified that although the interior lights were on, it was "dim" or "dark" in the garage. *See Maddox*, 2011 U.S. App. LEXIS 7950, at *17 (addressing the conflicting evidence there and concluding that, on summary judgment, the plaintiff's version must be accepted). "As judges, we try to discern the outer limit of what a reasonable juror could find." *Id.* at *18. Within that outer limit, what is necessary "for the premises to be reasonably safe, is a question for jurors." *Id.*

We conclude that the district court improperly granted summary judgment in favor of ANICO, as there was a genuine issue of material fact concerning whether the interior of the parking garage where Woten fell had adequate lighting and whether the lighting, combined with the curb, constituted an unreasonably dangerous condition. Accordingly, we reverse the grant of summary judgment in favor of ANICO.

## IV.  CONCLUSION

For the foregoing reasons, the decision granting summary judgment to ANICO is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.