# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60454

JACKIE COX; RICKY LEE COX

Plaintiffs - Appellants

v.

WAL-MART STORES EAST, L.P.,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Mississippi

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This appeal concerns the grant of summary judgment to Wal-Mart, the defendant in a premises liability case. We reverse and remand to the district court for further proceedings.

## I.  Factual and Procedural Background

Plaintiffs Jackie and Ricky Cox went to the Wal-Mart in Fulton, Mississippi on April 24, 2011. As Mrs. Cox entered through an automatic sliding door, she fell and sustained injuries. Cox's trip and fall was witnessed by Everitt Gunner, who was sitting on a bench located ten to twelve feet from the door when Cox entered the store. Gunner testified that for about an hour before Cox's fall, he had observed the door threshold "rocking" or rising up three-eighths to one-half inch whenever customers or carts crossed the

No. 13-60454

threshold. He testified that this occurred because the plate was not secured tightly to the ground, as if there were screws loose. Gunner testified that he was looking at Cox when she entered, and that she stepped on one side of the metal plate, causing the other side to rise up and catch her other shoe, causing the fall. Gunner's testimony was countered by Cindy Bailey, an assistant manager at the store, who disputed that the threshold moved or rocked.

Jackie and Ricky Cox filed a complaint in Mississippi state court in December 2011. Mrs. Cox alleged personal injury claims, while Mr. Cox brought a claim for loss of consortium. In April 2012, Wal-Mart removed the case to federal court pursuant to 28 U.S.C § 1332. Wal-Mart then moved for summary judgment. The district court determined that the defect in the threshold which caused Cox to fall and be injured was not unreasonably dangerous as a matter of law, and granted summary judgment to Wal-Mart. Plaintiffs now appeal.

## II. Discussion

The question before us is whether the district court erred when it granted summary judgment to Wal-Mart, based on its conclusion that the defect in the door threshold was not unreasonably dangerous as a matter of law. We review a grant of summary judgment de novo. *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009). Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). We must view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Mississippi substantive law applies in this diversity case. *See Wood*, 556 F.3d at 275.

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care,

and (3) defendant's compliance with that duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).  The parties agree that Cox's legal status at the time of the fall was that of a business invitee.  "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008); *see Wood*, 556 F.3d at 275.  A landowner's duty to invitees includes a "duty to keep its premises in a reasonably safe condition," and a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199-1200 (quoting *Gaines v. K-Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)).  The breach of either duty supports a claim of negligence.  *Id.* at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005).

For purposes of the summary judgment motion, the district court implicitly accepted Gunner's testimony that the door threshold was defective and was rocking up and down as people walked across it.  However, the court determined that the defect in the threshold was not an unreasonably dangerous condition as a matter of law.  The district court relied on language included in *Tate v. S. Jitney Jungle Co.*, which noted that a door threshold is among those "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps." *Tate v. S. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995).  "The category of usual and normally expected dangers was apparently created in *Tate*, as no prior reference to that concept in the state's jurisprudence has been discovered." *Wood*, 556 F.3d at 276.  The Mississippi Supreme Court has not applied any kind of categorical exclusion for "dangers which are usual" in cases

subsequent to *Tate*, although there is federal case law adopting it. *See id.* at 276-79 & n.4-5 (describing *Tate* and its history and discussing federal cases applying *Tate*). The district court's analysis, and many of Wal-Mart's appellate arguments, are premised on the existence of a categorical exclusion for "usual" or "expected" dangers that cannot be unreasonably dangerous as a matter of law.

Setting aside significant questions regarding whether this categorical exclusion is the law in Mississippi, *see Wood*, 556 F.3d at 276 ("Having discussed *Tate*, we are nonetheless uncertain about the present role in state law of this principle that usual and normally expected hazards are not unreasonably dangerous."); *Woten v. Am. Nat'l Ins. Co.*, 424 F. App'x 368, 370 (5th Cir. 2011) (describing the confusion in the case law), we conclude that the district court's analysis improperly extends a categorical exclusion to defective conditions. Even if the *Tate* court intended to create or recognize a categorical exclusion for door thresholds, there is no justification in the Mississippi case law for expanding any category of "usual dangers" to include defects. Instead, the most recent Mississippi cases weigh against any such categorical exclusion applying to defects in regularly occurring dangers. In one recent case involving "broken, unlevel pavement" that "probably jutted up two inches over the bottom step"—certainly a regularly occurring danger that would presumably fall within the *Tate* categorical exclusion, if the Mississippi courts recognized one—the Mississippi Supreme Court denied judgment as a matter of law. *See Mayfield*, 903 So. 2d at 734, 739. Likewise, in *Pigg*, the Mississippi Supreme Court found that there was a fact issue regarding whether a hotel "knew or should have known" of a loose mirror, "and whether it was negligent in inspecting its premises," and that "a jury must be allowed to decide whether Holiday Inn breached its duty to keep the premises reasonably safe and whether its inspections of its rooms was reasonable." *Pigg*, 991 So. 2d at 1200.

No. 13-60454

Even in a case involving a regularly occurring danger, the Mississippi Court of Appeals stressed the "unbroken, unlittered, dry and otherwise unobstructed" condition of a curb in holding that summary judgment for the defendant was appropriate. *Thompson v. Chick-Fil-A*, 923 So. 2d 1049, 1052-53 (Miss. Ct. App. 2006).

The cases discussed in *Tate* itself likewise weigh against expanding any *Tate* categorical exclusion to defects. Those cases involved permanent, known hazards, not unexpected defects. For example, in *McGovern*, one of the cases cited by *Tate*, the Mississippi Supreme Court affirmed a directed verdict in favor of a store owner after the customer tripped on the store's raised threshold. The court found that having a raised threshold was not an unreasonably dangerous condition. *McGovern v. Scarborough*, 566 So. 2d 1225, 1228 (Miss. 1990). However, the *McGovern* court stressed that there was nothing unusual about the threshold, and that "it is impossible to envision this doorway as creating a danger of some kind, in some way different from thousands of like doorways." *Id*. In *Kroger*, another case relied on by *Tate*, a store customer who tripped and fell over a six-inch curb could not recover because she "encountered a condition, which was permanent, in place, known, and obvious—a factual setting bearing no resemblance to cases in which we have found a jury question to exist." *Kroger, Inc. v. Ware*, 512 So. 2d 1281, 1282 (Miss. 1987).

Somewhat ironically, given the parties' focus on the categorical exclusion referenced in *Tate*, this case is more akin to the factual situation in *Tate* itself, which involved a sharp edge beneath a deli counter which caused injury to the plaintiff. The Mississippi Supreme Court held that *Tate* could not be resolved as a matter of law, because there was "a claimed physical defect on the defendant's premises. . . which may be found to be unusual and unreasonably dangerous, notwithstanding the fact that it might have been observable." *Tate*,

650 So. 2d at 1351. The claimed physical defect, the court said, "does not appear to be a condition that one would normally encounter." *Id*. Thus, *Tate* itself supports the proposition that a defect that a customer would not normally expect to encounter falls outside the range of any categorical exclusions created by that case.

We conclude that the district court erred in extending Mississippi's so-called "categorical exemption" to defective thresholds. However, that is not the end of the inquiry; we must still determine whether the defective condition could be found unreasonably dangerous as a matter of law. *See Pigg*, 991 So. 2d at 1199-1200 (noting that landowners have a duty of care to maintain their premises in a "reasonably safe condition"). In *Parker v. Wal-Mart Stores, Inc.*, a panel of this court examined Mississippi case law[1] and determined that "normally encountered dangers such as curbs, sidewalks, and steps are not hazardous conditions. These normally occurring dangers often contain cracks and changes in elevation; they do not become hazardous conditions simply because they contain minor imperfections or defects." 261 F. App'x 724, 726-27 (5th Cir. 2008). It then held that "[a]lthough the curb contained a small crack, this alone is insufficient to transform it into an unreasonably dangerous condition." *Id.* The instant case does not involve a known, permanent, or visible condition, but an alleged defect that caused the threshold to unexpectedly move up and down. Although the defect alleged in Cox's complaint is a minor defect, the hidden and surprising nature of the defect

---

[1] *See also Cutrer*, 214 So. 2d at 466 (cracks on the edge of concrete riser not unreasonably dangerous condition); *City of Biloxi v. Schambach*, 157 So. 2d 386, 392 (Miss. 1963) (sidewalk defect insufficient to impose liability); *City of Greenville v. Laury*, 159 So. 121, 122 (Miss. 1935) (reasonable jury could not have found that a crevice in the sidewalk made the street unsafe for use); *Bond v. City of Long Beach*, 908 So. 2d 879, 882 (Miss. Ct. App. 2005) (one inch elevation of the sidewalk did not create dangerous condition which the city should have anticipated).

No. 13-60454

could remove it from the "normally encountered dangers" patrons expect to encounter when crossing a threshold. *Id*.; *see also Tate*, 650 So. 2d at 1351. We must accept Cox's allegation that the threshold was broken and suddenly rose up one-half inch when Cox stepped on it. The fact that the alleged defective condition changed suddenly and without warning—unlike cracked or uneven concrete, or visible changes in texture and elevation—is sufficient for a reasonable jury to conclude that it creates an unreasonable or unusually dangerous condition.

Further, the plaintiffs point to evidence in the record indicating that Wal-Mart may not inspect the doors to ensure they are functioning correctly and that despite an internal policy calling for daily inspections, the assistant manager of the store had no knowledge of that policy. While these facts are not, standing alone, sufficient to impute liability to Wal-Mart, they do bear on whether Wal-Mart maintained its premises in a reasonably safe condition, and whether Wal-Mart should have known and warned of any defect. *See Pigg,* 991 So. 2d at 1200. Under Mississippi law, these questions are for the jury. *Id.*

The district court's dismissal of Ricky's Cox's claim was entirely premised on the dismissal of Jackie Cox's personal injury claims. *E.g., J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006) (explaining that "Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own"). Thus, we also reverse the dismissal of Ricky Cox's loss of consortium claim.

### III.  Conclusion

For the foregoing reasons, we REVERSE the grant of summary judgment to Wal-Mart and the dismissal of both plaintiffs' claims, and remand this case for further proceedings.