# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 16-60310
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2017

Lyle W. Cayce
Clerk

STATE FARM FIRE & CASUALTY COMPANY,

Plaintiff - Appellee

v.

CEDRIC FLOWERS; RENEE FLOWERS; ASHLEY SIMMONS; MICHAEL
SIMMONS,

Defendants - Appellants

———

Appeals from the United States District Court
for the Northern District of Mississippi

———

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Defendants-Appellants Cedric and Renee Flowers and Renee's children, Ashley and Michael Simmons, appeal the district court's grant of Plaintiff-Appellee State Farm Fire and Casualty Insurance Company's motion for summary judgment. State Farm brought this declaratory judgment action seeking to have a homeowner's insurance policy issued by State Farm to Cedric Flowers declared void *ab initio* as a result of material misrepresentations made by Cedric Flowers in his application for the policy. We AFFRIM.

No. 16-60310

## I.

In 2008, Cedric and Renee Flowers purchased a plot of land in Courtland, Mississippi, and asked relatives Ricky and Jennifer Scott to build a house for them on the property for a set price. Because Cedric and Renee Flowers were unable to obtain financing for construction of the house themselves, they quitclaimed the property to the Scotts, who then obtained a construction loan under their own names, using the property as collateral. According to Cedric and Renee Flowers, the Scotts agreed to convey the property back to them upon completion of the construction. Amid disputes with the Scotts over the cost and scope of construction, Renee Flowers's adult children, Ashley and Michael Simmons, moved into the house before construction was completed. The Scotts eventually defaulted on the construction loan and attempted to sell the property. In 2011, unable to obtain financing to purchase the uncompleted home, Cedric and Renee Flowers filed suit in state court to enjoin sale of the property.

In April 2012, Cedric Flowers applied for and was issued a homeowner's insurance policy with State Farm. Shortly thereafter, during the night of July 17, 2012, a fire damaged the insured house and its contents. After discovering Cedric Flowers was not actually the owner of the property, State Farm filed suit seeking a determination that the insurance policy is void *ab initio* as a result of material misrepresentations made by Cedric Flowers in his application. Following discovery, State Farm filed a motion for summary judgment, which the district court granted. Cedric Flowers, Renee Flowers, Ashley Simmons, and Michael Simmons now appeal.

## II.

This court reviews a district court's grant of summary judgment de novo, applying the same standard as the district court. *Carroll v. Metro. Ins. & Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999). Summary judgment is only

No. 16-60310

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Mississippi substantive law applies to this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014).

## III.

Under Mississippi law, "[i]f the applicant for insurance undertakes to make a positive statement of a fact, if it be material to the risk, such fact must be true." *Prudential Ins. Co. of Am. v. Estate of Russell*, 274 So. 2d 113, 116 (Miss. 1973) (quoting *Fidelity Mut. Life Ins. Co. v. Miazza*, 46 So. 817, 819 (Miss. 1908)). An insurance contract "induced by misrepresentation or concealment of material facts may be avoided by the party injuriously affected[.]" *Id.* (quoting *Miazza*, 46 So. at 819); *see also Carroll*, 166 F.3d at 805 ("Under Mississippi law, if an applicant for insurance is found to have made a misstatement of material fact in the application, the insurer that issued a policy based on the false application is entitled to void or rescind the policy."). Importantly, "[i]t is not sufficient that [the applicant] believes [the statement] true, but it must be so in fact, or the policy will be avoided, provided, always, that the misstatement be about a material matter[.]" *Russell*, 274 So. 2d at 116 (quoting *Miazza*, 46 So. at 819).

"The materiality of a representation is determined by the probable and reasonable effect which truthful answers would have had on the insurer." *Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214, 217 (Miss. 1988). Further, materiality is judged at the time of the misrepresentation. *Edmiston v. Schellenger*, 343 So. 2d 465, 467 (Miss. 1977). An insurer seeking to void an

insurance contract based on a material misrepresentation must establish the existence of the factual misstatement and its materiality by clear and convincing evidence. *See Brewster v. Bubba Oustalet, Inc.*, 231 So. 2d 189 (Miss. 1970) ("It has been the rule in this state for a long time that where fraud is charged it must be shown by evidence which is clear and more convincing that a mere preponderance."); *see also Carroll*, 166 F.3d at 805 (applying Mississippi law); *Gardner v. Wilkinson*, 643 F.2d 1135, 1136, n.3 (5th Cir. 1981) (same).

Here, Appellants do not dispute that, contrary to the information contained in the application, Cedric Flowers did not own the insured property when he applied for the State Farm homeowner's policy in April 2012.[1] Nor do they dispute that Cedric Flowers's ownership of the property was material to State Farm's decision to issue the insurance policy.[2] Instead, Appellants insist that there is no evidence that he willfully misrepresented that he was the property's owner and argue that there is a genuine question of fact as to whether Cedric Flowers actually told the agent who took his application that he owned the property.

Contrary to the Appellants' description of the decision below, the district court did not find that Cedric Flowers "knowingly" misrepresented ownership of the property on his application. This is because, as the district court noted, whether the misrepresentation "was intentional, negligent, or the result of mistake or oversight is of no consequence." *State Farm Fire & Cas. Ins. Co. v. Flowers*, No. 3:15-CV-99-SA-SAA, 2016 WL 1621997, at \*2 (N.D. Miss. Apr. 19,

---

[1] Under Mississippi law, a conveyance of quitclaim is "sufficient to pass all the estate or interest the grantor has in the land conveyed." Miss. Code § 89-1-39.

[2] State Farm submitted an affidavit stating that it is against the company's underwriting guidelines to issue homeowner's insurance policies to non-owners, and the agent who took Cedric Flowers's application stated in an affidavit that she would have not issued the policy had she known Cedric Flowers was not the owner.

2016) (quoting *Republic Fire & Cas. Ins. Co. v. Azlin*, No. 4:10-CV-037-SA, 2012 WL 4482355, at *6–7 (N.D. Miss. Sept. 26, 2012)); *see also Russell*, 274 So. 2d at 116 (quoting *Miazza*, 46 So. at 819); *Carroll*, 166 F.3d at 805; *F.D.I.C. v. Denson*, 908 F. Supp. 2d 792, 797 (S.D. Miss. 2012). Thus, we find unavailing Appellants' argument that there is a genuine issue of fact as to whether Cedric Flowers "reasonably, and in good faith, believed that he was the owner of the property."

We are similarly unpersuaded by Appellants claim that there is a genuine issue of fact as to whether Cedric Flowers misstated in his application that he was the owner of the property. In support of their argument, Appellants rely on deposition testimony in which Cedric Flowers claimed that he does not remember the questions asked by the State Farm employee and that the meeting was not long enough for her to have asked many questions— suggesting instead that it was the State Farm agent who negligently assumed that Cedric Flowers owned the insured property.

As the district court noted, however, in both his answer to State Farm's complaint and his response to State Farm's request for admission, Cedric Flowers admitted to telling the agent who took his insurance application that he was the owner of the property and to stating as much in his application. The district court concluded that these facts were judicially admitted, and therefore rejected Appellants' argument as an impermissible "attempt to create a dispute around a material fact already admitted." *Flowers*, 2016 WL 1621997, at *3 n.4; *see also McCreary v. Richardson*, 738 F.3d 651, n.5 (5th Cir. 2012), *as revised* (Oct. 9, 2013) ("This circuit has long noted that factual statements in pleadings constitute binding judicial admissions. . . ."). Although Appellants continue to point to Cedric Flowers's deposition testimony and insist that there is a genuine issue of fact as to whether he stated in his application that he owned the property, they do not attempt to address the district court's finding

that he judicially admitted facts to the contrary. *See Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 107–08 (5th Cir. 1987) ("Irrespective of which document contains the more accurate account, the [litigants] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [an] affidavit.").

We therefore agree that there is no actual controversy over whether Cedric Flowers made a material misstatement on his insurance application. Accordingly, we AFFIRM the judgment of the district court.