# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60356

———————

Sandie Keister, *on behalf of* Estate of Karen Orr, *Deceased*,

*Plaintiff—Appellant*,

*versus*

Dolgencorp, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:23-CV-27

———————————————————————

Before Elrod, *Chief Judge*, Engelhardt, *Circuit Judge*, and Guidry, *District Judge*.[*]

Kurt D. Engelhardt, *Circuit Judge*:

Karen Orr tripped on a soft drink display and fell at Dolgencorp's Dollar General store in Ackerman, Mississippi. This premises liability action followed. The district court granted summary judgment for Dolgencorp and denied the plaintiff's motion for sanctions, which accused Dolgencorp of spoliation. We AFFIRM.

———————————————

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

No. 24-60356

## I.

In the middle of an aisle at its Ackerman, Mississippi store, Appellee Dolgencorp displays cases of soft drinks on plastic pallets called "stack-bases." As customers remove cases, the height of this display decreases. Appellant Sandie Keister alleges that the stackbase was bare when her now-deceased mother, Karen Orr, tripped on it while shopping and fell.

After Orr passed away, Keister sued Dolgencorp, on behalf of Orr's estate, for Orr's alleged injuries from this fall.[1] She asserted premises-liability negligence, negligent infliction of emotional distress, and breach of contract claims. During discovery, Dolgencorp did not produce three items of evidence that Keister sought: security camera footage, data from the store's daily planner, and safety-check data. After holding a hearing, the district court concluded that Dolgencorp lost, did not preserve, or could not access this evidence, and therefore could not produce it.[2]

Both parties eventually filed motions for summary judgment, and Keister filed a motion for sanctions for spoliation of evidence. The district court granted summary judgment for Dolgencorp on all claims and denied Keister's motions for summary judgment and sanctions. Keister timely appealed. On appeal, Keister contends that the district court erred by: (1) granting summary judgment for Dolgencorp on her premises liability claim; and (2) denying her motion for sanctions.

---

[1] In her deposition, Keister testified that the fall and Orr's death were "related," but she does not allege that the fall caused Orr's death.

[2] As to the video footage, the district court noted that Dolgencorp "contacted a third party to retrieve the videos from that day, but for some reason, this party was unable to upload or copy the video from the store system." Regardless, the value of the video footage to Keister's claims is limited: A Dollar General manager testified, and Keister does not dispute, that the security cameras did not cover the area of the store where Orr fell.

No. 24-60356

## II.

### A.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "All reasonable inferences are drawn in favor of the nonmoving party, but the nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quotation marks and citations omitted).

### B.

Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014). Under Mississippi law, a business owner or operator "is not an insurer against all injuries" that occur on the business's premises. *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992) (citation omitted). But if he is "aware of a dangerous condition which is not readily apparent to [an] invitee, he is under a duty to warn the invitee of such condition." *Id.* (quoting *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988)). There are three ways that an injured plaintiff who asserts a premises liability claim can establish that the defendant owner or operator breached this duty: (1) show that "some negligent act of the defendant" created the dangerous condition that caused the plaintiff's injury; (2) show that the defendant had actual knowledge of the dangerous condition and failed to warn the plaintiff; or (3) "show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have

3

No. 24-60356

known of the dangerous condition." *Lasseter v. AWH-BP Jackson Hotel, LLC*, 380 So. 3d 232, 237 (Miss. 2024) (citations omitted).

According to Keister, the stackbase display constituted a dangerous condition once the stack of soft drinks dwindled to a height below waist level.[3] She submits two theories to establish that Dolgencorp breached its duty to warn Orr—an invitee at Dollar General—of this dangerous condition. She first argues that "displaying stackbases in the center of the aisle is the most dangerous way [to display drinks]" and that Dolgencorp "made the conscious decision to display the stackbases this way and expose shoppers to excess danger to maximize profit." This argument relies on the "mode-of-operation" theory. Under this theory, "when an owner of an establishment has actual notice that his mode of operation creates certain risks of harm to customers, and those risks are foreseeable, it is not necessary for the plaintiff to prove notice of the hazard that caused the injury." *Daniels v. Fam. Dollar Stores of Miss., Inc.*, 351 So. 3d 964, 970–71 (Miss. Ct. App. 2022) (cleaned up); *see Merritt v. Wal-Mart Stores, Inc.*, 911 F. Supp. 242, 244–45 (S.D. Miss. 1995) (applying mode-of-operation theory to Wal-Mart's decision to not use non-skid mats under its self-service drink station). Fatal to Keister's argument, "Mississippi appellate courts have consistently declined to adopt this theory." *Daniels*, 351 So. 3d at 971.

Her second theory is that the display was below waist level for a sufficient duration for Dolgencorp to have constructive knowledge of the dangerous condition. Because a waist-high display contains approximately eighteen cases of soft drinks, and the stackbase was empty when Orr tripped on it,

---

[3] For an injured plaintiff to prevail on a premises liability claim, he must also establish that the condition was dangerous. *Lasseter*, 380 So. 3d at 237. We assume *arguendo* that the stackbase constituted a dangerous condition when the height of the display was below waist level.

4

Keister posits that the dangerous condition existed for at least the duration that it took customers to remove eighteen cases. That may be true, but Keister still proffers no evidence of how long it took for customers to remove the eighteen cases. Instead, she urges us to assume that eighteen customers removed and purchased one case each. "Absent an event or holiday . . . where customers would buy an abnormally large amount of cases of the same type of drinks," Keister speculates, "the only and most reasonable conclusion is that it had to have taken a significant amount of time for the display to dwindle below waist level until it was completely empty."

This unsubstantiated assertion cannot defeat Dolgencorp's motion for summary judgment. *See Hathaway*, 507 F.3d at 319. Keister has proffered no evidence that would permit a jury to conclude that each customer, more likely than not, only purchased one case. A jury could not determine, with the requisite certainty, whether one customer purchased all eighteen cases, eighteen customers purchased one case each, or any combination in between.

Because Keister has proffered no evidence that Dolgencorp breached its duty to Orr, Dolgencorp is entitled summary judgment on Keister's premises liability claim.

### III.

### A.

We now turn to Keister's Rule 37(e) motion for sanctions for spoliation. We review the district court's denial of this motion for abuse of discretion. *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).

### B.

Rule 37(e) of the Federal Rules of Civil Procedure applies when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take

reasonable steps to preserve it." FED. R. CIV. P. 37(e). Upon a "finding that the party acted *with the intent to deprive* another party of the information's use in the litigation," Rule 37(e) authorizes a district court to: (1) presume that the lost information was unfavorable to the party; (2) instruct the jury that it may or must presume that the information was unfavorable to the party; or (3) dismiss the action or enter a default judgment. *Id.* (emphasis added).

Keister alleged that "Dolgencorp failed to preserve and properly maintain" three items of evidence from the day of Orr's fall: (1) the store's "Daily Planner"; (2) handheld terminal data or the "notebook" recording safety checks; and (3) the store's security camera footage. As a sanction for this alleged misconduct, Keister requested a jury instruction that "Dolgencorp failed to preserve and/or destroyed evidence in violation of the Federal Rules of Evidence." After granting Dolgencorp's motion for summary judgment, the district court denied Keister's motion for sanctions without providing its reasoning.

The district court did not abuse its discretion by denying Keister's motion for sanctions. First, Keister has proffered no evidence to support a finding that that Dolgencorp *intended* to deprive her of this evidence.[4] *See* FED. R. CIV. P. 37(e)(2). She simply surmises that intentional destruction is the only explanation for the absence of three pieces of evidence. Second, of the three sanctions available under Rule 37(e), Keister only sought a jury instruction. When the district court granted Dolgencorp's motion for summary judgment, Keister's request for this jury instruction became moot.

The judgment of the district court is AFFIRMED.

_____

[4] We do not opine on whether the evidence at issue constitutes "electronically stored information" under Rule 37(e).